UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHIA CORPORATION,

        Plaintiff,

v.

HEALTHE INC. and LIGHTING SCIENCE GROUP CORP.,

        Defendants.

Case No. 6:19-cv-1332-RBD-EJK

**DEFENDANTS' RESPONSIVE CLAIM CONSTRUCTION BRIEF**

## TABLE OF CONTENTS

I.     Introduction .................................................................................................................. 1

II.    Terms from the LED Chip Patents ............................................................................... 1

       A.    "upper clad layer" and "lower clad layer" Kozaki '948 Patent (claim 20)
             and Kozaki '337 Patent (claim 20) ..................................................................... 1

       B.    "multi-film layer" Tanizawa '602 Patent (claim 2) ............................................. 1

       C.    "a plurality of protrusions [that are disposed/formed] on a primary surface
             of the sapphire substrate" '402 Niki Patent (claim 1) and '721 Niki Patent
             (claim 1) .............................................................................................................. 2

       D.    "a [first/second] electrode being arranged on the [first/second] conductive
             type semiconductor layer" Sano '057 Patent (claims 1 and 14) ......................... 2

       E.    "being laminated in this order" Sano '057 Patent (claims 1 and 14) .................. 2

III.   Terms from the Manufacturing Patents ........................................................................ 3

       A.    "lead" Ichikawa '250 Patent (claim 1) ................................................................ 3

       B.    "fissure" Tamemoto '916 Patent (claim 1) ......................................................... 3

       C.    "crack" Tamemoto '916 Patent (claim 16) .......................................................... 3

IV.    Conclusion .................................................................................................................... 4

## I.  Introduction

Subject to the reservations outlined herein, Defendants agree to the claim constructions proposed by Nichia.  Accordingly, no disputed terms remain at issue in this case.

## II.  Terms from the LED Chip Patents

### A.  "upper clad layer" and "lower clad layer"
Kozaki '948 Patent (claim 20) and Kozaki '337 Patent (claim 20)

Nichia proposed that these terms be given their plain meaning or alternatively be construed as "a layer between the electrons confining layer and the p contact layer" and "a layer between the active layer and the n contact layer," respectively.  Defendants withdraw their proposed construction and agree that these terms should be assigned their plain meaning.  Defendants make no admissions, however, regarding the arguments raised in Nichia's claim construction brief or the appropriate interpretation of this construction.  Further, Defendants reserve the right to rely upon statements and admissions in Nichia's brief and corresponding expert declarations to interpret the scope of this term.

### B.  "multi-film layer"
Tanizawa '602 Patent (claim 2)

Defendants withdraw their proposed construction and agree to Nichia's proposal that this term be interpreted according to its plain meaning. Defendants make no admissions, however, regarding the arguments raised in Nichia's claim construction brief or the appropriate interpretation of this construction.  Further, Defendants reserve the right to rely upon statements and admissions in Nichia's brief and corresponding expert declarations to interpret the scope of this term.

      **C.**      **"a plurality of protrusions [that are disposed/formed] on a primary surface of the sapphire substrate"**
            **'402 Niki Patent (claim 1) and '721 Niki Patent (claim 1)**

Defendants withdraw their proposed construction and agree to Nichia's construction of this term. Defendants make no admissions, however, regarding the arguments raised in Nichia's claim construction brief or the appropriate interpretation of this construction. Further, Defendants reserve the right to rely upon statements and admissions in Nichia's brief and corresponding expert declarations to interpret the scope of this term.

      **D.**      **"a [first/second] electrode being arranged on the [first/second] conductive type semiconductor layer"**
            **Sano '057 Patent (claims 1 and 14)**

Defendants withdraw their proposed construction and agree to Nichia's construction of this term. Defendants make no admissions, however, regarding the arguments raised in Nichia's claim construction brief or the appropriate interpretation of this construction. Further, Defendants reserve the right to rely upon statements and admissions in Nichia's brief and corresponding expert declarations to interpret the scope of this term.

      **E.**      **"being laminated in this order"**
            **Sano '057 Patent (claims 1 and 14)**

Defendants withdraw their proposed construction and agree to Nichia's proposal that this term be interpreted according to its plain meaning. Defendants make no admissions, however, regarding the arguments raised in Nichia's claim construction brief or the appropriate interpretation of this construction. Further, Defendants reserve the right to rely upon statements and admissions in Nichia's brief and corresponding expert declarations to interpret the scope of this term.

**III.     Terms from the Manufacturing Patents**

    **A.     "lead"**
         **Ichikawa '250 Patent (claim 1)**

Defendants withdraw their proposed construction and agree to Nichia's construction of this term. Defendants make no admissions, however, regarding the arguments raised in Nichia's claim construction brief or the appropriate interpretation of this construction. Further, Defendants reserve the right to rely upon statements and admissions in Nichia's brief and corresponding expert declarations to interpret the scope of this term.

    **B.     "fissure"**
         **Tamemoto '916 Patent (claim 1)**

Nichia proposed that this term be given its plain meaning or alternatively be construed as "a narrow opening." Defendants withdraw their proposed construction and agree that this term should be assigned its plain meaning. Defendants make no admissions, however, regarding the arguments raised in Nichia's claim construction brief or the appropriate interpretation of this construction. Further, Defendants reserve the right to rely upon statements and admissions in Nichia's brief and corresponding expert declarations to interpret the scope of this term.

    **C.     "crack"**
         **Tamemoto '916 Patent (claim 16)**

Nichia proposed that this term be given its plain meaning or alternatively be construed as "a break." Defendants withdraw their proposed construction and agree that this term should be assigned its plain meaning. Defendants make no admissions, however, regarding the arguments raised in Nichia's claim construction brief or the appropriate interpretation of this construction. Further, Defendants reserve the right to rely upon statements and admissions in Nichia's brief and corresponding expert declarations to interpret the scope of this term.

## IV. Conclusion

For the reasons set forth above, and subject to the reservations detailed, Defendants agree to the claim constructions proposed by Nichia. Accordingly, no disputed terms remain at issue in this case.

Date: July 13, 2020                    Respectfully submitted,

*/s/  Andrew Gish*
Andrew Gish
NOROOZI PC
1250 Broadway, 36th Floor
New York, NY 10001
(212) 328-1164

and

Ryan T. Santurri
Florida Bar No. 15698
rsanturri@allendyer.com
ALLEN, DYER, DOPPLET & GILCHRIS, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile:  (407) 841-2343
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July 2020, I served the foregoing document by email on all counsel of record.

*/s/ Andrew Gish*